IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BOBBIE D.,[1] ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil No. 3:22-cv-738-MHL-SLS |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of the ) | |
| Social Security Administration,[2] ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

## **MEMORANDUM OPINION**

This matter comes before the Court on referral pursuant to 28 U.S.C. § 636(b)(1)(A) for resolution of Plaintiff Bobbie D.'s Notice of Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (the "Motion"). (ECF Nos. 19, 25[3].) Having considered the Motion and related briefing, the Court will GRANT IN PART and DENY IN PART Plaintiff's Motion and award $5,972.42 in reasonable fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), reflecting a 35 percent reduction in the total fees requested by Plaintiff.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in social security cases.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for Acting Commissioner Kilolo Kijakazi as Defendant in this action. *See* 42 U.S.C. § 405(g).

[3] *See also* November 1, 2023 Standing Order, *In the Matter of Consent to United States Magistrate Judge Jurisdiction and Referrals for Nondispositive Matters and Reports and Recommendations in Social Security Appeals*, available at https://www.vaed.uscourts.gov/sites/vaed/files/Standing%20Order%20SSA%20Judge%20Speight.pdf.

## I. PROCEDURAL BACKGROUND

On November 29, 2022, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner which denied her application for Title II Disability Insurance Benefits under the Social Security Act. (ECF No. 1.) On February 1, 2023, the Commissioner answered the Complaint. (ECF No. 11.) Thereafter, the Court entered a scheduling order, setting a briefing schedule for cross-motions for summary judgment. (ECF No. 12.)

On March 6, 2023, Plaintiff filed a motion for summary judgment and brief in support, asserting two errors at Step 5 based on: (1) the ALJ's reliance on vocational expert testimony identifying obsolete jobs; and (2) the ALJ's failure to reconcile a conflict between the reasoning levels of jobs identified by the vocational expert and the Dictionary of Occupational Titles. (ECF Nos. 13, 14.) On March 29, 2023, the Commissioner filed a Consent Motion to Remand. (ECF No. 16.) On March 30, 2023, the Court entered an Order denying as moot Plaintiff's motion for summary judgment, granting the Commissioner's Consent Motion to Remand, and remanding the case to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for additional evaluation. (ECF No. 17.) The Court entered judgment the same day. (ECF No. 18.)

On June 26, 2023, Plaintiff filed this Motion. (ECF No. 19.) In the Motion and accompanying reply memorandum, Plaintiff seeks an award of $9,188.34 in attorneys' fees under the EAJA, 28 U.S.C. § 2412. (ECF Nos. 19, 20, 21, 24.) The Commissioner filed a memorandum in opposition, arguing that the Court should deny in part Plaintiff's Motion and reduce Plaintiff's requested fee award by between 37.5 and 45 percent. (ECF No. 23.) The Motion has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any … proceeding[] for judicial review of agency action … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To obtain a fee award under the EAJA, Plaintiff must meet the following threshold requirements: (1) Plaintiff must be a prevailing party;[4] (2) Plaintiff must allege that the Commissioner's position was not substantially justified; (3) no special circumstances exist that make an award unjust; and (4) the fee request must be timely filed within 30 days of final judgment in the action and supported by an itemized statement. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002).

If Plaintiff satisfies the threshold requirements for a fee award, the "court is accorded 'substantial discretion in fixing the amount of an EAJA award,' but is charged with the duty to ensure that the final award is reasonable." *Hyatt*, 315 F.3d 239, 254 (4th Cir. 2002) (quoting *Jean*, 496 U.S. at 163); *see also* 28 U.S.C. § 2412(b), (d)(2)(A). In assessing the reasonableness of an EAJA fee award, courts compare the requested amount to the "lodestar amount," which is determined by multiplying the "reasonable hourly rate" by the "hours reasonably expended," *Grissom v. Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008), and consider twelve factors adopted by the Fourth Circuit. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). Once calculated, "the lodestar figure may be adjusted upward or downward to reflect any [enumerated] factors that were

---

[4] "A plaintiff who wins remand is a prevailing party under the EAJA." *Jacobs v. Colvin*, 107 F. Supp. 3d 494, 498 (E.D. Va. 2014).

3

not adequately subsumed in the calculation." *Faircloth v. Colvin*, No. 2:13-cv-156, 2014 WL 5488809, at *5 (E.D. Va. Oct. 29, 2014). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28. Fee requests should exclude "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The plaintiff bears the burden of establishing the award amount to which he or she is entitled under the EAJA. *Hensley*, 461 U.S. at 437; *Hyatt*, 315 F.3d at 253.

### III.  ANALYSIS

The parties both acknowledge, and the Court determines, that Plaintiff meets the threshold requirements for an EAJA fee award. *See* 28 U.S.C. § 2412(d). (*See also* ECF No. 23, at 5.) The Commissioner also does not challenge the hourly rates utilized by Plaintiff. (ECF No. 23, at 5.)[5] The Commissioner, however, opposes Plaintiff's fee request in part as seeking an excessive and unreasonable amount of attorneys' fees. (ECF No. 23, at 5.) The Commissioner contends that Plaintiff's fee request should be reduced significantly (specifically, by between 37.5 and 45 percent) after considering: (1) the time and labor expended; (2) the novelty and difficulty of questions raised; and (3) attorneys' fees awards in similar cases. (ECF No. 23, at 5, 19.) The

---

[5] Because the Commissioner does not oppose Plaintiff's requested hourly rates and based on Plaintiff's documentation submitted in support of an increased hourly rate, the Court finds that an increase in the cost of living justifies a higher hourly fee in excess of $125 per hour and calculates the lodestar amount based on an attorney hourly rate of $232.67. (*See* ECF No. 20, ¶ 8; ECF No. 20-1; ECF No. 23, at 5.)

Court analyzes these factors below and will ultimately impose a reduction of 35 percent to Plaintiff's requested fee award as the reasonable amount under the EAJA.

> **A. Considering the time and labor expended, the fee request will be reduced because it includes non-compensable tasks and excessive time entries.**

The Commissioner first objects to various categories of time entries for tasks that this Court has previously found to be non-compensable or excessive under similar circumstances. (ECF No. 23, at 5-8.) The first category involves 0.6 hours of time entries which the Commissioner contends this Court has previously found to be purely clerical. (ECF No. 23, at 6-7.) Specifically, the Commissioner challenges an entry for 0.4 hours spent on a telephone call with Plaintiff to discuss a federal debt check and to explain the EAJA and two additional entries of 0.1 hours each noting an appearance of counsel and review of a scheduling order. (ECF No. 23, at 6.) In reply, Plaintiff agrees to remove the two 0.1-hour entries from her fee request. (ECF No. 24, at 1.) But she argues that the 0.4-hour entry is compensable as a substantive legal communication rather than an administrative matter related to the formation of the attorney-client relationship. (*Id.*) The Court determines that these entries cover non-compensable tasks.

Clerical tasks constitute "overhead and are not compensable as EAJA attorney fees." *Abusamhadaneh v. Taylor*, No. 1:11-cv-939, 2013 WL 193778, at *38 (E.D. Va. Jan. 17, 2013); *see also Faircloth*, 2014 WL 5488809, at *7. As previously stated by this Court, "tasks spent reviewing basic court filings, such as notices of appearance and scheduling orders, are purely clerical." *Debrea K. v. Kijakazi*, No. 3:22-cv-625, at 5 (E.D. Va. June 15, 2023) (citing *Tamara J. v. Kijakazi*, No. 3:21-cv-651, at 5-6 (E.D. Va. Feb. 3, 2023)). Such non-compensable tasks cover the two 0.1-hour time entries identified by the Commissioner (ECF No. 23, at 6), as well as another 0.1-hour time entry for "Review summons issued as to Defendants" (ECF No. 20-2, at 2).

5

*Faircloth*, 2014 WL 5488809, at *7 (finding that reviewing summons and appearance of counsel documents are purely clerical activities).

This Court has also previously found that time entries occurring before formal acceptance of Plaintiff's case to "discuss the federal debt check relates to the initiation of the attorney-client relationship and therefore is non-compensable." *Tamara J.*, No. 3:21-cv-651, at 6 (citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C. Cir 2004)); *see also Debrea K.*, No. 3:22-cv-625, at 5-6. In doing so, the Court rejected the same argument raised again here by Plaintiff that such communication is related to compensable tasks addressing substantive case information rather than non-compensable tasks pertaining to the formation of the attorney-client relationship. *Debrea K.*, No. 3:22-cv-625, at 5-6. As previously found, the Court again determines that the 0.4-hour discussion regarding the federal debt check and EAJA constitutes a non-compensable clerical task.

In the second category, the Commissioner challenges 1.6 hours in time entries related to the preparation and filing of the EAJA fee petition as excessive. (ECF No. 23, at 7.) The Commissioner correctly notes that this Court has previously found 1.0 hour in total time to prepare the fee petition excessive. (ECF No. 23, at 7.) *See Debrea K.*, No. 3:22-cv-625, at 6-7. In response, Plaintiff contends that it takes her counsel longer to complete the EAJA fee petition than the 1.6 hours claimed and outlines the steps taken to prepare the petition. (ECF No. 24, at 3-4.) Here, the EAJA tasks the Court with determining a reasonable fee award, and such amount will not always be the actual time spent by Plaintiff's attorneys on given tasks. Considering the routine nature of these EAJA fee petitions, the administrative tasks involved in preparing the billing entries, and this Court's prior guidance to Plaintiff's counsel regarding the contours of a reasonable fee award, the 1.6 hours in fees sought for preparation of the Motion will be reduced.

Plaintiff also seeks an additional 4.4 hours in attorneys' fees related to the preparation of her reply brief. (ECF No. 24, at 8; ECF No. 24-1.) Anticipating this move, the Commissioner contends that "none of the additional time spent preparing the reply should be compensated" because the arguments raised in briefing "are largely identical" to those previously raised in contested EAJA fee petitions with Plaintiff's counsel. (ECF No. 23, at 19.) The Commissioner argues that Plaintiff's counsel should not be rewarded for rehashing identical arguments that previously failed. (*Id.*) The Court agrees that Plaintiff's reply brief largely raises the same arguments previously considered and rejected by this Court. Therefore, the Court will not award the full 4.4 hours in fees sought in connection with preparation of Plaintiff's reply.

In the final category, the Commissioner challenges a 0.3-hour time entry nearly identical to one this Court has previously found to constitute improper block billing. (ECF No. 23, at 8.) The task attributed to this time entry is: "Draft complaint, civil cover sheet, proposed summons, and USM-285s." (ECF No. 20-2, at 2.) The Commissioner argues that this billing entry improperly lumps together a compensable task (*i.e.*, drafting the complaint) with non-compensable, clerical tasks (*i.e.*, preparing summons), without specifying the amount of time spent on each particular task. (ECF No. 23, at 8.) In response, Plaintiff contends that "[t]he fact that other documents are included within that time entry does not detract from the reasonableness of spending .3 hours to draft the complaint." (ECF No. 24, at 4.)

The Court rejects Plaintiff's invitation to assume her counsel spent the entire amount of time performing compensable tasks, rather than lumped together non-compensable tasks. While she argues it would be reasonable to spend 0.3 hours on drafting a complaint, the Court notes that the Complaint filed in this matter is a template 3-page document, which spans about one page after removing the caption and signature blocks. (ECF No. 1.) Moreover, as the party seeking a fee

7

award, Plaintiff must carry the burden of showing the reasonableness of the fees sought. *Williams v. Colvin*, No. 2:13-cv-703, 2015 WL 403057, at *2 (E.D. Va. Jan. 7, 2015), *report and recommendation adopted*, 2015 WL 402997 (E.D. Va. Jan. 27, 2015) (citing *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). "When counsel engages in block billing, the Court should reduce the fee award because counsel has 'prevent[ed] an accurate determination of the reasonableness of the time expended.'" *Tamara J.*, No. 3:21-cv-651, at 7 (quoting *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006)). Thus, as the Court previously did in considering an identical billing entry submitted by Plaintiff's counsel in another case, the Court will consider this improper block-billing in deciding a reasonable fee award. *See id.*

In determining a reasonable EAJA fee award, the Court will consider these various non-compensable or excessive time entries when determining a percentage reduction to apply to the overall fee sought.

### B. The fee request will be reduced as excessive based on the lack of complex or novel issues raised.

The Commissioner next argues that the lack of complexity, difficulty, and novelty of this case, involving two Step 5 challenges, does not warrant the 26.6 hours of attorney time to review the administrative record (which was "slightly above average" length), take notes, and draft the procedural and fact sections of the brief and the 6.2 hours reported to research issues, write, and edit the brief. (ECF No. 23, at 8-9.) The Commissioner also asserts that the vagueness in the descriptions for these time entries make it difficult for the Court to determine if the amount of time spent on these tasks was reasonable. (*Id.* at 11-12.) Finally, the Commissioner contends that several attorneys appeared to review the same materials and that staffing this case with five attorneys and five paralegals resulted in excessive and duplicative time entries. (*Id.* at 13.)

In response, Plaintiff contends that the amount of time spent was reasonable given the length of the administrative record, the need to review the record in its entirety for appealable issues, and the time it takes to research, draft, and edit a brief. (ECF No. 24, at 5.) Plaintiff argues that counsel's billing entries are specific enough for the Court to identify the tasks performed. (ECF No. 24, at 6.) Finally, Plaintiff labels the Commissioner's objection to the number of timekeepers as "merely an objection to the structure of Counsel's firm" and denies any "unnecessary duplication." (ECF No. 24, at 5, 7.)

While the Court recognizes the length of this administrative record, the Court agrees that the amount of hours logged and number of timekeepers staffed for review, note-taking, and briefing this matter is excessive. Specifically, the time entries reflect 26.6 hours (equivalent to 3-plus 8-hour workdays) spent reviewing the administrative record, taking notes, and drafting the procedural and factual background sections of the brief (which constituted about 4 pages). (*See* ECF No. 14, at 1-4; ECF No. 20-2.) The failure to provide more specific descriptions as to these activities (*i.e.*, what portions of the administrative record were under review) makes it difficult for the Court to further assess the reasonableness of these time entries. *See Melissa B. v. Kijakazi*, No. 22-661-BAH, 2023 WL 2307146, at *2 (D. Md. Feb. 28, 2023) (finding a log of 24.4 hours to "review," "research," and perform "issue identification" failed to "explain what portion of these hours are devoted to what specific tasks"); *Abusamhadaneh*, 2013 WL 193778, at *21 ("[M]any of counsel's billing entries are so descriptively vague that the Court cannot determine with any certainty whether the activities they purport to describe were necessary or reasonable within the context of the litigation."). Counsel then spent an additional 6.2 hours researching issues, drafting the argument section of the brief (which constituted about 8 pages of the brief), and editing the brief. (*See* ECF No. 14, at 5-12; ECF No. 20-2.) In addition, some time entries indicate a

9

duplication of efforts given the number of timekeepers involved in the review of the administrative record and briefing. (*See* ECF No. 20-2.) *See Faircloth*, 2014 WL 5488809, at *9 (noting that "[w]hen a task or issue does not require the use of multiple attorneys, the Court should 'award fees for the time of one attorney'" and reducing fee award based on "entries for editing and reviewing each other's work") (*quoting Cox v. Reliance Std. Life Ins. Co.*, 179 F. Supp. 2d 630, 636 (E.D. Va. 2001)).

Having considered the time entries and record in this case, the Court finds the overall time requested for reviewing, researching, and drafting the summary judgment motion was excessive and duplicative in part given the relatively straight-forward issues presented. This alone justifies a reduction by one-third of the time spent on these tasks. Therefore, the Court will implement a reduction of the overall EAJA fee award to arrive at a reasonable award.

### C. Plaintiff's fee request significantly exceeds attorneys' fees awards in similar cases.

The Commissioner next argues that the fees sought by Plaintiff are unreasonable because they significantly exceed fee awards in similar cases. (ECF No. 23, at 14-18.) To support this contention, the Commissioner summarized EAJA fee awards from the Richmond division from 2021 through mid-2023. (*Id.* at 15-17.) The Commissioner points out that the fees sought by Plaintiff nearly double the average EAJA fee award in this Court. (*Id.* at 15.) Plaintiff counters that fee awards must be assessed on a case-by-case basis. (ECF No. 24, at 7.) Plaintiff also contends that "this Court is one of the lowest paying courts in the country" and identifies four district courts across the United States who awarded similar fees to those requested herein. (ECF No. 24, at 8 (citing cases).)

As previously acknowledged by this Court, "the cases cited by [the Commissioner] represent a variety of circumstances where a one size fee award does not fit all cases." *Williams*, 2015 WL 403057, at *5.

> Naturally, those cases which are hotly contested and generate full briefing are going to require more attorney time and therefore justify a higher fee award under EAJA when plaintiff prevails. So, too, when the issues contested are not the common ones often seen in Social Security appeals, it stands to reason that additional time is necessary to research and draft appropriate memoranda.

*Id.* This case, however, involved a consent remand, mooting the need for full briefing. Additionally, the appeal raised two narrow and common issues. These circumstances do not justify a fee award that nearly doubles the average fees recently awarded in similar cases in this Division. *See Debrea K.*, No. 3:22-cv-625, at 12; *Tamara J.*, No. 3:21-cv-651, at 12.

Because the fee petition includes non-compensable tasks and excessive time entries, given that this case did not present novel or complex matters, and considering fee awards in comparable matters, the Court, in its sound discretion, will apply an overall fee reduction of 35 percent. The Court finds this percentage reduction is warranted to arrive at a reasonable fee award under the EAJA.

## IV.    CONCLUSION

For the foregoing reasons, the Court will GRANT IN PART and DENY IN PART Plaintiff's Motion. (ECF No. 19.) Specifically, the Court will award Plaintiff $5,972.42 in reasonable attorneys' fees under the EAJA. An appropriate Order will accompany this Memorandum Opinion.

/s/ 
Summer L. Speight
United States Magistrate Judge

Richmond, Virginia
Date: March 14, 2024